Spear, C. J.
Our inquiry naturallybegins with the petition. It was the judgment of the common pleas that it did not state facts sufficient to entitle the plaintiff to any relief, and hence the sustaining *155 of the demurrer followed, and a judgment for the defendant. The record does not disclose the ground of the ruling. The circuit court took the opposite view, and overruled the demurrer, holding . that sufficient facts were stated to entitle the plaintiff to some relief. We are of opinion that in this the circuit court was right, and that had the allegations of the petition been sustained by proof, and no countervailing facts presented by the defendant, the plaintiff would have been entitled to judgment. But the case finally made was one essentially different from that set out in the petition. The plaintiff’s theory was that he could stand on the ordinance as a valid contract (there being no other express contract), and hence was entitled to relief, legal, upon showing that he had performed the contract on his part, and thus earned the stated compensation for lighting, and equitable, upon showing that the City was violating its contract, and undertaking to make it impossible for the plaintiff to perform in the future on his part, and unlawfuby attempting to destroy his property; and further, that the former ground was an incident to the latter, and not an independent ground of action. His theory, although consistent with the allegations of his petition, was shown to be wrong upon a disclosure of the facts, because of the invalidity of the ordinance, the council being without power to contract, either for an exclusive privilege to the company for the use of its streets, or for a stipulation to purchase light at an agreed price for ninety-nine years, as the circuit court properly held. And clearly the City could not have been held to the performance of the stipulations of the ordinance, and had the right to cease operating under it, and this without reference to the motive *156 which" induced its action; and on notice of such intention to the company it could not longer claim to act under it, and could not maintain its poles, etc., in the streets after reasonable notice to remove them. Indeed it was bound to know, and in law did know, that the ordinance was ultra vires and invalid. But the council had power, under section 2491-1, Revised Statutes (Bates), to contract in a legal way for the lighting of its streets and other public grounds, for a term not exceeding- ten years, and upon its being shown by the company that it had furnished light to the City, which it had accepted and enjoyed, a right to recover, as upon a quantum meruit, would arise in favor of the plaintiff.
The action of the City in permitting the company to place its poles, etc., in the streets, and in directing the location thereof, gave to the company the position of a licensee as to occupancy of the streets, which would forbid a ruthless or unreasonable destruction of its poles by the City. Its rights would not be based upon contract, however, but would result from the conduct of the City in giving consent and direction. Whether the judgment of the circuit court is or not erroneous in this respect we need not inquire, inasmuch as no complaint is here made of the judgment in that respect.
It is sugg-ested, however, that the ordinance was not absolutely void, but may be treated as good for the term of ten years, since the subject-matter is not ultra vires, and inasmuch as ninety-nine years is greater than ten years and must include it; and hence the contract in that way may be supported. This implies that the purpose of the law is only to prevent the enforcement of contracts made in violation of its terms, and not to prevent the mak *157 ing of such contracts. Now, the language of the statute is that the municipalities referred to shall have power to contract for light for any ttrm not exceeding ten years. This implies, with as much force as if it had been expressly stated, that the municipality shall not have power to contract for any term longer than ten years, and the natural inference is, we think, that the purpose is to inhibit such contracts entirely, for the only certain way of insuring their non-enforcement is to prevent their attempted execution. This may not be effectually accomplished unless they are held to be void. And this is in accord with the general rule which is well expressed by Professor Freeman, in his note to Robinson v. Mayor, 34 Am. Dec., 625: “As it” (the municipal corporation) “is permitted to exercise the powers which its charter authorizes, so it is prohibited from exercising those which are not authorized. Any act or attempted exercise of power which transcends the limits expressed or necessarily inferred from the language of the instrument by which its ¡lowers are conferred, is beyond the authority of a municipal corporation, and is therefore, null and void.” Attention is also called to the language of Follett, J., in Cincinnati Gas Light & Coke Co. v. Avondale, 43 Ohio St., at pages 267 and 268.
But another objection seems equally fatal to the proposition. We are dealing with the subject of contract. It implies parties and a meeting of the minds. The paper presented undertakes to stipulate for the furnishing of light and an agreed price therefor, for a period of ninety-nine years. The proposition is that we now treat it as a contract for ten years; that is, that the court shall make a new contract for the parties for ten years, and then en *158 force it. How can we say that the company would have incurred the great expense and outlay of money find labor, which the petition declares was incurred, for the period of ten years only? And if the court were of opinion that probably the company would have been willing to so contract, where is there any authority in the court to now alter the terms that they did agree upon and then enforce them, as changed? We are of opinion that neither in law nor reason, is there any ground for such a proposition.
Another theory of the plaintiff we think equally mistaken. Reference is had to the claim that the legal relief asked was incidental to the claim for equitable relief. At first blush it might seem that this proposition is tenable, but it will not, we think, bear examination. If the alleged contract (ordinance) had been a valid one, so that the rights of plaintiff could be founded on it, then it might possibly be said that in an action to enforce it the rig’ht to maintain the poles, et cetera, in the streets, and the right to continue to operate the plant and furnish to the City light at the price named in the contract, and for injunction to prevent the City from interfering with these rights by forcibly destroying the poles, et cetera, was the major ground of action, and that the claim for .pay for light already furnished was but an incident to it. But the moment it is ascertained that the averments of the petition alleging a contract are wholly false, and that there never was a contract, then it becomes apparent that the real g’round of action is totally distinct from the pretended one, and that the maintaining of one would not, in the slightest degree, aid the support of the other, and the defeat of one not in any manner tend to the defeat of the *159 other. Had there been, in fact, a contract between the parties, and the plaintiff had simply failed to sustain by his proof the alleged attempted breach by the City, and the threatened destruction of his property, there might, perhaps, have been some warrant for claiming that an accounting to ascertain the amount due under the contract was an incident to the other claim. But the claimed equitable case having no basis whatever, being in fact a myth, resting only on unsubstantial averments of the petition, a claim for money could not be an incident to it.' Substance cannot in any sense become an incident to mere shadow. In other words, the petition, when the real situation was disclosed, contained, as already suggested, a ground of action cognizable at law, being upon a quantum meruit for light furnished. It also contained in form, but in. form only, a cause of an equitable nature. True, the two were conglomerated in one statement. But that affects only the form; it does not reach to the substance.
This initial error on the part of the plaintiff led him to a mistaken course as to the future. Failing in the common pleas, he appealed to the circuit court, thus attempting to carry the whole case up. As to the attempted cause of action relating to the injunction, being tested by the allegations of the petition, it was appealable, and hence the appeal as to that was effective. Therefore the overruling of the motion to dismiss the appeal by the circuit court, at that stage of the inquiry, was not erroneous. But, the action to recover pay for light already furnished, being an action to recover money only, and of right triable by jury, and not an incident to the equitable cause, neither arising from the same transaction nor transactions connected with the *160 same subject of action, was not, standing- by itself, appealable, and the circuit court could not, under our statutes, rightfully take jurisdiction of it. Hut beyond this, if the money claim could, in any view, be treated as an incident to the other, it would necessarily depend for its support upon the other, and perforce must share its fate; and when that was dismissed, as without foundation, the claim for an accounting- should have been dismissed with it. That is, there cannot be an accounting- under a contract which does not exist.
But it is contended that the question of the jurisdiction of the circuit court cannot be raised in this court because the case was tried below as though that court has jurisdiction; that it was practically so conceded in argument and hence the conduct of the City amounts to an acquiescence, and the case of Kershaw v. Snowden, 36 Ohio St., 181, is cited in support of the contention. In that case an administrator was sued for money alleged to have been placed in the hands of his intestate upon the express trust to be repaid to the plaintiff on the death of the intestate, but retained by her as, trustee of the express trust, viz: to retain the same in trust until her death, and then to execute the trust by the return of the sum, and the petition prayed that the administrator be ordered, adjudged ahd decreed, to pay plaintiff out of the estate the amount he is equitably entitled to. A demurrer to the petition was overruled, and then an answer filed traversing the facts alleged, and setting up the six years’ limitation. On trial in the common pleas the court found for the plaintiff and rendered judgment. Both parties gave notice of appeal. Plaintiff perfected his appeal by giving bond; the administrator was not required to give bond. In *161 the district court a larger sum was recovered. A motion for new trial was made on the ground that the finding was not supported by the evidence. A bill of exceptions was taken containing all the evidence. The errors assigned in this court by the administrator were that the petition does not show a cause of action,. and that the evidence does not support the finding, the latter being the principal ground. The court found the judgment excessive and reduced it, and rendered judgment for the proper amount. The court also found that the case was one of a legal, and not an equitable, nature, but, inasmuch as the case was tried on its merits in the district court without objection, this court did not feel called upon sua sponte, to consider the question of error in entertaining the appeal. That point does not appear to have been presented by the plaintiff in error, but seems to have been first noticed by the court here, and the statement of it made as an explanation of the court’s ruling in affirming the judgment notwithstanding the nature of the action.
Clearly this holding does not cover the case at bar. In this case the defendant interposed a motion to dismiss the appeal at the threshhold on the ground that the case is a.t law and not in equity, and excepted to the order overruling it. True upon the face of the record as it then stood, the motion was properly overruled. But it was probably the best the defendant could do to express its objection to the effort to try the case over again in the circuit court. At least it showed that the City did not intend to give away its rights; and had the petition contained a true and full statement of the exact case as it existed, and of the ground *162 on which the plaintiff -must finally rest his claims, the motion to dismiss would have properly raised the real question of jurisdiction, and, in such condition of the record, would have been well taken. The answer followed setting up the invalidity of the ordinance. The City also excepted to the second conclusion of law. It then moved for a new trial because the judgment was contrary to law, and error is urged here because the circuit court erred in the particulars named and because of error in rendering judgment for the plaintiff. Just what argument was made to the court we cannot know, as of course the record does not disclose that. But, inasmuch as the answer pleaded that the ordinance was invalid, which the court found, and that, therefore, there was no contract, it may he inferred that the point was made by counsel in argument also, and its legal effect pointed out. However, this matter of argument is not of much consequence. Suffice it to say that we cannot find from this record that the City’s action was such as to estop it from now questioning the jurisdiction of the circuit court. We think that court was without jurisdiction and that its judgment should be reversed and judgement entered for plaintiff in error.

Reversed.